THE STATE OF NEVADA, APPELLANT, *v.* POOLSAWAS CHUMPHOL, RESPONDENT.

No. 12610

October 13, 1981                                            634 P.2d 451

*Calvin R. X. Dunlap,* District Attorney, *Edward B. Horn,* Deputy District Attorney, Washoe County, for Appellant.

*Terry A. Friedman,* Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Following a nonjury trial, the lower court ordered the information filed against respondent dismissed. The district court concluded that the statute respondent was charged with violating, NRS 202.360(2), as it applies to aliens, is unconstitutional. We agree and affirm.

### THE FACTS

On July 1, 1979, officers of the Reno Police Department responded to the complaint of a tenant at an apartment complex that a neighboring tenant was standing in his doorway brandishing a pistol. Upon responding, the officers encountered respondent, and removed from him a .357 magnum pistol. Respondent identified himself as an alien. Respondent was later arrested for violating NRS 202.360(2). After trial, the district court judge dismissed the information on the ground that the statute is unconstitutional. The state has appealed that order.

### EQUAL PROTECTION

The relevant part of NRS 202.360(2) provides:

> After July 1, 1925, no unnaturalized foreign-born person . . . shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person.

The state argues that it need only prove a rational basis in order for this court to determine that the statute is constitutional.

State classifications which are based on alienage are subject to strict judicial scrutiny. Nyquist v. Mauclet, 432 U.S. 1 (1977); Examining Board v. Flores De Otero, 426 U.S. 572 (1976); In re Griffiths, 413 U.S. 717 (1973); Graham v. Richardson, 403 U.S. 365 (1971). The cases cited by appellant for the proposition that classifications based on alienage are no longer subject to strict scrutiny are not relevant to the discussion here. Both Ambach v. Norwich, 441 U.S. 68 (1979) and Foley v. Connelie, 435 U.S. 291 (1978), involve classifications excluding aliens from fundamental government activities. As the High Court noted: "The rule for governmental functions, which is an exception to the general standard applicable to classifications based on alienage, rests on important principles inherent in the Constitution." Ambach v. Norwich, *supra,* 75. Therefore, we may find NRS 202.360(2) constitutional only if

the state is able to satisfy the burden of demonstrating "that its purpose or interest is both constitutionally permissible and substantial, and that its use of the classification is 'necessary . . . to the accomplishment' of its purpose or the safeguarding of its interest.'' In re Griffiths, *supra,* 721-722.

A person does not exhibit a tendency toward crime merely because he or she is a noncitizen. *See* Raffaelli v. Committee of Bar Examiners, 496 P.2d 1264 (Cal. 1972). As the California Supreme Court noted in that case, classification based upon alienage "is the lingering vestige of a xenophobic attitude which . . . should now be allowed to join those [other] anachronistic classifications among the crumbled pedestals of history." *Id.* at 1266.

Even were we to conclude that the state's purpose is constitutionally permissible, which we cannot, the statute is not necessary to safeguard the argued interest. NRS 202.350[1] adequately forbids the unlawful carrying of concealable firearms. Citizens and noncitizens alike are subject to the penalties designated in that statute for its violation.

For the above reasons we agree with the district court judge and affirm his order.

MANOUKIAN, BATJER, and SPRINGER, JJ., concur.

GUNDERSON, C. J., concurring:

I agree that respondent may not be penalized for the crime with which he was charged. However, I believe our decision might be based on narrower grounds than the constitutional contentions proffered by respondent's counsel.

Respondent purchased his firearm in Reno. I understand the prosecution to concede that he did so only after filling out a federal form, on which he forthrightly revealed his status as an alien, and after a waiting period prescribed by local ordinance had expired. In short, when respondent bought the gun, he believed he was acting lawfully, and governmental agencies, which permitted the purchase, all fostered that belief.

---

[1]NRS 202.350 provides in part:

    1. It is unlawful for any person within this state to:
    (b) Carry concealed upon his person:
        (1) Any explosive substance, other than fixed ammunition;
        (2) Any dirk, dagger or dangerous knife, or
        (3) Any pistol, revolver or other firearm, or other dangerous or deadly weapon.